THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RANDY GOODMAN, Defendant-Appellant.

(No. 72-106;

Third District—June 18, 1973.

John L. Barton, of Marseilles, for appellant.

Donald C. Woolsey, State's Attorney, of Galesburg, for the People.

Mr. JUSTICE DIXON delivered the opinion of the court:

This was a proceeding by information for armed violence based upon an aggravated assault. After a plea of guilty the defendant Randy Goodman was sentenced by the Circuit Court of Knox County to 5 years probation with the condition that the first year be served in Vandalia.

Defendant first contends that the information was fatally defective be-

cause it did not allege the elements of the underlying offense from which the charge of armed violence was derived—aggravated assault.

The information herein charges that on Feb. 5, 1972 the defendant and two others had:

> "Committed the offense of armed violence in that when, armed with a dangerous weapon, to-wit: a loaded pistol, they committed an aggravated assault on the person of Donald M. O'Donnell, in violation of Paragraph 33(A)(2), Chapter 38 * * *."

Article 33A of the Criminal Code of 1961 was added in 1967 to magnify certain existing offenses into a more serious offense when committed while armed. *People v. Hardaway*, 108 Ill.App.2d 325. Sec. 33A—2 reads as follows:

> "*Armed Violence—Elements of the Offense*
> A person commits armed violence when, while armed with a dangerous weapon, he performs any act prohibited by Sections 10—1, 10—2, 11—1, 11—3, *12*—2, 12—4, 12—6, 12—7, 16—1 (when a theft of property exceeding $150 in value), 19—1, 31—1, subsection (a) of Section 31—6 or sub-section (b) of Sec. 31—7 of this Act."

The pertinent portion of Sec. 12—2 Aggravated Assault reads as follows:

> "(a) A person commits an aggravated assault, when in committing an assault, he:
> (1) Uses a deadly weapon;"

■■ The Committee Comments state: "* * * Note that the elements of a simple assault, specified in section 12—1 *must be present,* and in addition one of the aggravated conditions must exist." "An aggravated assault must be read with the definition of assault." *People v. Whelan*, 132 Ill.App.2d 2, 267 N.E.2d 364; *People v. McCaughan*, 3 Ill.App.3d 720.

Sec. 12—1 Assault reads as follows:

> "(a) A person commits an assault when, without lawful authority, he engages in conduct which places another in reasonable apprehension of receiving a battery."

■■ "To commit an assault, including an aggravated assault, one without lawful authority must engage in conduct which places another in reasonable apprehension of receiving a battery." (*People v. Abrams*, 48 Ill.2d 446, 459.) "It is sufficient to allege an offense in the language of a statute if the words so far particularize the offense that by their use alone an accused is informed with reasonable certainty of the precise offense with which he is charged, (*People v. Mills*, 40 Ill.2d 4), or by specifically alleging all the facts which constitute the crime." (*People v. Abrams supra.*) It is apparent that the information in the instant case

fatally fails to state the necessary elements of the underlying offense of assault and the judgment of conviction thereunder must be reversed. See *People v. Heard*, 47 Ill.2d 501.

It is unnecessary to consider the defendant's other contentions.

Reversed.

ALLOY, P. J., and STOUDER, J., concur.