THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
ALAN EARL HALL, Defendant-Appellant.

Second District    No. 80-387

Opinion filed August 17, 1981.

Barnett, Ettinger, Glass, Berkson, and Braverman, and David M. Schneider, of Leavitt and Schneider, both of Chicago, for appellant.

Daniel D. Doyle, State's Attorney, of Rockford (Phyllis J. Perko, William L. Browers, Martin N. Ashley, and Raymond F. Buckley, Jr., all of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

Alan Earl Hall, the defendant, was convicted of the offenses of possession with intent to deliver cannabis (Ill. Rev. Stat. 1977, ch. 56½, par. 705(e)) and armed violence based upon violation of section 5(e) of the Cannabis Control Act (Ill. Rev. Stat. 1977, ch. 56½, par. 705(e)). He was found not guilty of aggravated assault by the jury. Defendant was sentenced to six years in prison for armed violence and three years in prison for the possessory offense, the sentences to run concurrently. He appeals from his conviction and sentence for armed violence (Ill. Rev. Stat. 1977, ch. 38, par. 33A—2), contending that the information failed to set forth the elements of the predicate offense, that the armed violence statute is unconstitutional, that the court erred in refusing defendant's instruction defining armed violence, and that he was not proved guilty of armed violence beyond a reasonable doubt.

John Hindes, a special agent with the Illinois Department of Law Enforcement, testified that while working undercover defendant called him to arrange the sale of 11 pounds of cannabis. The transaction took place in defendant's home on March 24, 1978. Hindes testified that he entered defendant's kitchen and defendant displayed a bag of cannabis. Hindes went out to his car to notify other officers to move in for the arrest, then returned to the kitchen and informed defendant that he was under arrest. Hindes showed defendant his official badge for about 3 to 5 seconds and then stepped back a half-step.

Hindes testified that he then heard Agent Bradley, who was standing a few feet away, say that defendant had a gun. Hindes saw defendant's right hand come around and point a gun at his stomach. He reached out and grabbed the barrel of the gun before he actually saw it. After grabbing the gun, Hindes grabbed his own gun and stuck it in defendant's chest. Defendant grabbed Hindes' gun, whereupon Hindes told him to release the gun or he would shoot. Hindes further testified:

> "A. At that point I got no response from him and he wouldn't turn loose his gun, so I took my gun and stuck it in my hip pocket, and I grabbed him, picked him up and sat him in the sink, and I twisted the gun and twisted it out of his hand."

The gun which was recovered from the defendant was introduced into evidence, together with the holster defendant was wearing while arrested.

Defendant admitted that he had arranged to sell cannabis to Hindes. He testified that during the transaction Agent Bradley had a gun in his left hand while standing behind him in the kitchen. As Bradley walked by him he felt something go into his stomach and grabbed it. It was a brown paper container. He then felt something else stuck in his stomach, which he also grabbed. That object was a gun. Hindes displayed his badge,

turned him around, and began frisking him. Hindes asked him if he had any weapons and defendant replied that there was a pistol in the cupboard. The cupboard was about 4 or 5 feet from him at that point. The officers retrieved the gun from the cupboard. Defendant denied that he had a gun or holster on his person when arrested.

Two officers testified in rebuttal that they saw defendant wearing a holster when arrested.

■▌ We first reach the constitutional issue and conclude that the armed violence statute is not vulnerable on the grounds claimed. Defendant's main thrust is that the statute is void for vagueness because it does not make it clear whether the weapon must be utilized in the commission of the predicate offense. The Illinois Supreme Court has addressed this contention in *People v. Haron* (1981), 85 Ill. 2d 261, 268, finding that the legislature clearly required only that the defendant be armed and that the use of the weapon in the commission of the predicate offense is not an element of armed violence.

Defendant also argues that the statute fails to set forth a mental state required by section 4—3 *et seq.* of the Illinois Criminal Code (Ill. Rev. Stat. 1979, ch. 38, par. 4—3 *et seq.*). There is not substance to this argument, since a mental state is an element of the predicate felony. That is, the defendant must "possess with intent to deliver * * * cannabis." See Ill. Rev. Stat. 1979, ch. 56½, par. 705.

Defendant's claim that he was not proved guilty of armed violence beyond a reasonable doubt is primarily based on his contention that use of the weapon is an element of the offense of armed violence. In light of *Haron*, this contention is incorrect. The issue is, rather, whether defendant was armed at the time of his arrest. This was a question of fact for the jury to resolve on the basis of the conflicting evidence. We conclude that the evidence fully supports the finding that defendant was guilty beyond a reasonable doubt.

The dispositive issue in this case in our view is whether the information charging armed violence properly states an offense. Count II of the information, as pertinent, states that defendant committed the offense of armed violence "in that he, while armed with a dangerous weapon, to-wit: a certain revolver, committed a felony defined by Illinois law, in that he violated Chapter 56½, Section 705(e) of the Illinois Cannabis Control Act." Defendant argues that the information is void because it is deficient in two respects: it does not set forth elements of the underlying offense upon which the armed violence charge is based, and it fails to specify which of the four ways defendant is charged to have violated section 5 of the Cannabis Control Act, which makes it unlawful for a person to:

"* * * manufacture, deliver, or possess with intent to deliver, or manufacture, cannabis." (Ill. Rev. Stat. 1979, ch. 56½, par. 705.)

Thus, he argues, the information fails to comply with section 111—3 of the Code of Criminal Procedure, which requires that the charging instrument set forth "the nature and elements of the offense charged". Ill. Rev. Stat. 1979, ch. 38, par. 111—3(a)(3).

Since defendant raised this issue in the trial court by written motions for a new trial and in arrest of judgment, the charge must be reviewed under the stringent standards of section 111—3(a)(3) of the Code of Criminal Procedure. *People v. Lutz* (1978), 73 Ill. 2d 204, 209-11. See also *People v. Miles* (1981), 96 Ill. App. 3d 721.

■■ The Illinois Supreme Court has made it clear that the mere citation of the statute alleged to have been violated is insufficient to incorporate the statute, by reference, into the charge. (*People v. Pujoue* (1975), 61 Ill. 2d 335, 338.) Also, where a defendant is charged with violation of a statute which contains disparate and alternative methods of committing an offense, the charging instrument must detail which alternative defendant is accused of committing. *People v. Heard* (1970), 47 Ill. 2d 501, 504-05; *People v. Johnson* (1974), 16 Ill. App. 3d 819, 820; *Miles*, 96 Ill. App. 3d 721, 725.

The information charging armed violence does not apprise defendant of the precise offense, among alternatives set forth in the Cannabis Control Act, with which he is charged; since it does not apprise defendant if the armed violence charge is predicated on the manufacture, or the delivery, or the possession with intent to deliver or manufacture cannabis.

The State approaches this question on the basis of two arguments, neither of which appears to be well supported based on an analysis of the applicable authorities. First, the State maintains that it may be assumed that the armed violence count is based upon the conduct alleged in count I, the possession with intent to deliver cannabis, which is the only charge relating to violation of the Cannabis Control Act which appears in the three-count information. However, there is no requirement that the predicate offense to armed violence be charged in a separate count as well. (*Cf. People v. Vriner* (1978), 74 Ill. 2d 329, 334; *People v. Lee* (1977), 46 Ill. App. 3d 343, 344-45.) Obviously, the prosecutor has the discretion, if there is the presence of a dangerous weapon, to charge only the more serious offense. In the context of this case it would be permissible for the State to charge defendant with possession with intent to deliver in one count, while basing armed violence on one of the other ways of violating section 5 (par. 705). Thus defendant was not apprised of which of the four methods of violating section 5 of the Cannabis Control Act with which he was charged in count II.

The State also maintains that in charging armed violence the elements of the underlying offense do not need to be specified. However, the cases cited in support of this proposition, *People v. Stanley* (1972), 4 Ill. App. 3d

23, and *People v. Gant* (1973), 9 Ill. App. 3d 774, were decided under the more lenient standards applicable when the sufficiency of the information is first challenged on appeal. (See *People v. Pujoue* (1975), 61 Ill. 2d 335, 339.) It should also be noticed that *Gant* relied on *People v. Harvey* (1973), 53 Ill. 2d 585, where the point also was first raised on appeal.

The State has also placed considerable reliance on *People v. Jeffrey* (1981), 94 Ill. App. 3d 455. In *Jeffrey,* the Appellate Court for the Fifth District held that a felony murder indictment which did not set forth the elements of the underlying felony sufficiently complied with section 111—3 of the Code of Criminal Procedure. There are some distinguishing factors. In *Jeffrey,* the indictment specified the exact underlying felony, burglary, whereas the information before us does not specify which of the four offenses is being charged as the predicate felony. In addition, the felony murder count in *Jeffrey* at least named the victim of the offense, a detail which aids in limiting any double jeopardy problem. Here, the information would allow the prosecution to prove armed violence based on a different occurrence than the cannabis and assault counts, since the victim was not named nor are other details given. Further, we would note that the opinion purports to apply the rule applicable to the challenge to an information or indictment which is made in the trial court and not the more liberal standards used to test the sufficiency of the charge when considered for the first time on appeal. Yet, a considerable portion of the analysis found in the opinion quotes from *People v. Gilmore* (1976), 63 Ill. 2d 23, 28-31, a case in which the challenge was made for the first time on appeal. 94 Ill. App. 3d 455, 464-65.

In any event, if a conflict does exist we believe that the case before us is better analyzed under the principles set forth in *People v. Goodman* (1973), 12 Ill. App. 3d 400. In *Goodman,* the court held an information charging the commission of armed violence by reference to the fact that the defendant "committed an aggravated assault" on a named person was insufficient and that the information fatally failed to state the necessary elements of the underlying offense. (12 Ill. App. 3d 400, 401-02. See also *People v. Van Winkle* (1980), 86 Ill. App. 3d 289, 293.) The *Goodman* court noted that the elements of a simple assault must have been stated in order to convict for aggravated assault.

If we accept the State's position this would allow armed violence to be charged by simply alleging that defendant committed a certain felony while armed with a dangerous weapon. Defendant would not know the nature and elements of the underlying felony as required by section 111—3 of the Code of Criminal Procedure. See *People v. Lutz* (1978), 73 Ill. 2d 204, 211; *People v. Heard* (1970), 47 Ill. 2d 501, 505.

We therefore reverse defendant's conviction and sentence for armed violence. We remand the cause for resentencing on count I. It appears that

defendant was given the minimum sentence of three years on the cannabis count, a Class 2 felony. (Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—1(a)(5)). However, a Class 2 felony is probationable, unlike the Class X felony of armed violence. Since it does not appear that defendant had any prior convictions, the trial court would thereby be permitted to exercise its discretion to consider sentencing alternatives on remand. In this view we do not reach the instructional issues raised by the defendant.

Reversed and remanded.

VAN DEUSEN and HOPF, JJ., concur.