THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DALLAS J. GRESHAM, Defendant-Appellant.

Fourth District    No. 17204

Opinion filed March 3, 1982.

Daniel D. Yuhas and Janet Sinder, both of State Appellate Defender's Office, of Springfield, for appellant.

Ronald C. Dozier, State's Attorney, of Bloomington (Robert J. Biderman and James K. Horstman, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE MILLS delivered the opinion of the court:

We deal here with *bootstrapping* offenses into more serious convictions and the double enhancement of sentence.

The result is a mixed bag.

We affirm in part, reverse in part and remand.

Gresham was convicted by a jury of armed violence, aggravated battery, and two counts of unlawful use of weapons. He received concurrent sentences of 18 years' imprisonment for armed violence and 8 years on one of the unlawful use of weapons counts.

On appeal, defendant argues: (1) that the crime of armed violence may not be predicated upon the felony offense of aggravated battery with the use of a deadly weapon; (2) that the trial court erred in not severing that count of the indictment charging him with unlawful use of weapons within five years of his release from the penitentiary, following his conviction of a felony, from the trial on the other counts; and (3) that

the court erred in imposing an extended-term sentence under section 5—5—3.2(b) of the Unified Code of Corrections (Ill. Rev. Stat. 1979, ch. 38, par. 1005—5—3.2(b)). For reasons hereinafter set forth, we vacate defendant's conviction and sentence on the offense of armed violence, remand for sentencing on the conviction of aggravated battery, vacate the extended-term sentence on the conviction for unlawful use of weapons by a felon, and remand for resentencing on counts IV and V.

The facts of the instant case are not in dispute. On the evening of December 2, 1980, defendant, Fred Hildebrandt, Bob Nicholas, and Glen Colaw had arranged to play basketball at a local church in Bloomington, Illinois. After stopping at defendant's grandmother's house, where he resided, to pick up a basketball, the four proceeded to the school. Before they arrived, Colaw noticed a Bloomington police officer approaching and pointed this out to defendant, who at the time was in violation of his parole on a prior robbery conviction and had in his possession a sawed-off shotgun. Seeing the police officer, defendant ran from the group back to his grandmother's house. Later in the evening defendant received a call from Nicholas asking him to meet Nicholas and Hildebrandt at the Central Catholic School on the corner of Chestnut and Roosevelt Streets. Defendant returned to the area where the rendezvous was to occur but none of the persons were present. After waiting approximately 30 minutes, defendant decided to return home.

During this time, Hildebrandt and Nicholas returned to defendant's grandmother's house to find that defendant was also not there and had left to meet them at the school. Hildebrandt and Nicholas then proceeded to walk back to the Central Catholic School. Defendant testified that while he was walking toward his grandmother's house, he saw two unidentified men approaching. Defendant stated that one of the men said, "You have come to the wrong place at the wrong time," and the other began moving toward him. He testified that he thought the men were going to attack him and so, in self-defense, fired the sawed-off shotgun. Defendant stated that he did not recognize the men due to the darkness and the manner in which they were dressed, and felt his actions were justified under the circumstances. After the shooting, defendant learned that the person he had shot was Mr. Hildebrandt, the person he had arranged to meet. Defendant then ran back to his grandmother's house. Hildebrandt summoned a local resident to call an ambulance and was then taken to the hospital. Defendant was subsequently arrested at his grandmother's, and the sawed-off shotgun was located there.

I

Defendant's first contention on appeal is that it was improper for a conviction and sentence to be entered on the crime of armed violence

when the predicate felony offense is aggravated battery with a dangerous weapon. In support of this contention he relies solely upon the recent decision of *People v. Haron* (1981), 85 Ill. 2d 261, 422 N.E.2d 627. The State, however, asserts the defendant has waived this issue since he did not raise it below and, secondly, that defendant's conviction for armed violence was not based upon the offense of aggravated battery with the use of a deadly weapon but was instead predicated upon the offense of an aggravated battery occurring at a public place.

In *Haron*, defendant was charged with one count of armed violence, one count of unlawful use of weapons, and two counts of aggravated battery. The statute proscribing armed violence provides:

> "Armed violence—Elements of the offense. A person commits armed violence when, while armed with a dangerous weapon, he commits any felony defined by Illinois Law." (Ill. Rev. Stat. 1979, ch. 38, par. 33A—2.)

The armed violence charge in *Haron* was predicated upon the felony offense of aggravated battery with the use of a deadly weapon. On appeal from the ruling of the circuit court finding section 33A—2 unconstitutional, the Supreme Court of Illinois affirmed the order dismissing the indictment against Haron for armed violence but refused to hold the statute unconstitutional. The court analyzed similar statutory provisions from a number of jurisdictions and concluded that the armed violence statute should not be construed to allow prosecution for armed violence when the predicate felony offense is based on section 12—4(b)(1) of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, par. 12—4(b)(1)), which has already been enhanced from a misdemeanor to a felony by the presence of a deadly weapon. The *Haron* court stated:

> "Our review of the language of the statute and the authorities leads us to conclude that the General Assembly did not intend that the presence of a weapon serve to enhance an offense from misdemeanor to felony and also to serve as the basis for a charge of armed violence. In our opinion the requirement of section 33A—2 that there be the commission of a felony while armed with a dangerous weapon contemplates the commission of a predicate offense which is a felony without enhancement by the presence of a weapon." (85 Ill. 2d 261, 278, 422 N.E.2d 627, 634.)

In the present case, defendant was convicted on count I which charged that defendant "* * * on or about the second day of December, 1980, at or about 900 N. Roosevelt, Bloomington in the County of McLean and State of Illinois, committed the offense of Armed Violence in that he knowingly while armed with a dangerous weapon, committed an aggravated battery upon Fred Hildebrandt, by shooting him with a shotgun * * *." Thus, defendant's conviction would clearly fall within the con-

struction of the statute given it by *Haron* and entitles the defendant to a vacation of the conviction and sentence entered on the armed violence count.

The State, however, seeks to avoid the rule of the *Haron* case by asserting the defendant has waived the issue by failing to raise it in his post-trial motion and further by arguing that defendant was not charged with deadly weapon aggravated battery (Ill. Rev. Stat. 1979, ch. 38, par. 12—4(b)(1)) as a predicate felony offense but was instead charged with public place aggravated battery (Ill. Rev. Stat. 1979, ch. 38, par. 12—4(b)(8)), which does not present the double enhancement problems prohibited by *Haron*.

■■ But we reject the argument that defendant's failure to allege that the indictment did not state an offense in his post-trial motion is a waiver of the issue. An indictment which does not charge an offense is subject to dismissal at any time and is not waived by failure to object at trial. (*People v. Billingsley* (1966), 67 Ill. App. 2d 292, 213 N.E.2d 765; *People v. Spain* (1974), 24 Ill. App. 3d 377, 321 N.E.2d 520; Ill. Rev. Stat. 1979, ch. 38, par. 114—1(b).) In *Billingsley*, defendant was charged with the offense of deceptive practices (Ill. Rev. Stat. 1963, ch. 38, par. 17—1(d)) and challenged on appeal, but not at trial, the sufficiency of the complaint to charge the offense, since an essential element of the offense, intent to defraud, was not included in the complaint. The court held that defendant had not waived the issue and reversed his conviction. There the court stated:

> "The failure to charge an offense and the obvious harm to the defendant resulting therefrom, is the kind of defect involved in due process of law and it cannot be waived. Such defect may be attacked at any time, and may be attacked for the first time in this court. [Citation.]" (67 Ill. App. 2d 292, 300, 213 N.E.2d 765, 770.)

We thus conclude that the failure of the indictment to state an offense may be attacked in this court and is not waived by the defendant's failure to raise this issue in his post-trial motion.

■■ The State also argues that *Haron* does not apply since defendant was not charged with deadly weapon aggravated battery as a predicate felony offense but instead was charged with public place aggravated battery under section 12—4(b)(8) of the Criminal Code (Ill. Rev. Stat. 1979, ch. 38, par. 12—4(b)(8)). This contention is based upon the fact that the indictment alleged that the crime occurred at 900 North Roosevelt in Bloomington which the evidence at trial showed was a public place or way. This contention is also without merit. The indictment specified that defendant was charged with aggravated battery under section 12—4(b)(1), the jury instructions were based upon deadly weapon aggravated battery and the prosecution advanced this theory of aggravated battery in its

closing argument. We decline the State's invitation to uphold defendant's conviction on the basis of an offense with which he was not charged and which was not argued. It is clear that an appellate or reviewing court may not uphold a conviction for an offense which was not charged or proven at trial even though under the evidence, defendant could have been charged and convicted of the alternate offense. *Cole v. Arkansas* (1948), 333 U.S. 196, 92 L. Ed. 644, 68 S. Ct. 514; *Presnell v. Georgia* (1978), 439 U.S. 14, 58 L. Ed. 2d 207, 99 S. Ct. 235.

In *Cole*, the defendants were charged at trial with violating one section of an Arkansas statute proscribing persons from acting in concert to encourage, promote, or aid the preventing of persons from engaging in a lawful occupation. On appeal to the Arkansas Supreme Court, their convictions for violating this section of the statute were reversed since the information was insufficient to charge a violation of that section. Nevertheless, the Supreme Court of Arkansas upheld the sentence and conviction because, under the evidence, a conviction could have been obtained under another section proscribing the use of force or violence to prevent persons from engaging in lawful occupations. On appeal, the United States Supreme Court reversed the conviction under the statute which was neither charged nor given to the jury and concluded that "[i]t is as much a violation of due process to send an accused to prison following conviction of a charge on which he was never tried as it would be to convict him upon a charge that was never made. [Citation.]" 333 U.S. 196, 200-01, 92 L. Ed. 644, 647-48, 68 S. Ct. 514, 517.

■■ We therefore vacate defendant's conviction and sentence for armed violence in count I of the indictment on the authority of *Haron* and remand for resentencing on the conviction for aggravated battery upon which no sentence was entered. *People v. Scott* (1977), 69 Ill. 2d 85, 370 N.E.2d 540.

## II

Defendant next argues that it was an abuse of the trial court's discretion to refuse to sever the count charging him with unlawful use of weapons within five years of his release from the penitentiary, following his conviction of a felony (Ill. Rev. Stat. 1979, ch. 38, par. 24—1(b)), from the trial on the other charges. In Illinois, the statute prohibiting unlawful use of weapons is in the nature of a recidivist statute such that if a defendant is convicted of any violation of section 24—1(a)(1) through (10) of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, par. 24—1(a)(1) through (10)) and also has a prior felony conviction he can receive an enhanced sentence. In such a case, where the State proceeds on a charge under section 24—1(b), evidence of the prior felony is then admissible to prove the substantive offense. In a trial where the enhanced unlawful use

of weapons charge is also tried with other alleged offenses, the jury thus will hear the evidence of the defendant's prior weapons conviction. Where such evidence is then before the jury even if for valid reasons, the danger arises from the jury's use of this prior conviction in the deliberation of defendant's guilt or innocence on the other alleged offenses. (See *People v. Montgomery* (1971), 47 Ill. 2d 510, 268 N.E.2d 695.) To alleviate the likelihood of prejudice, resulting when enhanced charges are joined with other charges, the supreme court in *People v. Edwards* (1976), 63 Ill. 2d 134, 345 N.E.2d 496, held that a refusal to sever involved a significant risk of prejudice which was not outweighed by the State's interest in prosecuting all charges against the defendant at the same time. The court held that the joinder of a charge of armed robbery with the charge of felonious unlawful use of weapons created such a strong possibility of prejudice that it was an abuse of the trial court's discretion to refuse to sever.

■■ Such considerations, however, do not arise in the case at bar since defendant failed to raise this issue in his post-trial motion, and thus it is waived. *People v. Pickett* (1973), 54 Ill. 2d 280, 296 N.E.2d 856.

## III

As a result of defendant's conviction on count V of the indictment which charged him with a violation of section 24—1(a)(4) of the Criminal Code (Ill. Rev. Stat. 1979, ch. 38, par. 24—1(a)(4)) within five years from his release from the penitentiary, following a felony conviction, he was given an extended-term sentence under section 5—8—2 of the Unified Code of Corrections (Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—2). The extended-term sentence was imposed by virtue of section 5—5—3.2(b)(1) of the Unified Code of Corrections which provides, in part:

"(b) The following factors may be considered by the court as reasons to impose an extended term sentence under Section 5—8—2 upon any offender who was at least 17 years old on the date the crime was committed:

(1) When a defendant is convicted of any felony, after having been previously convicted in Illinois of the same or greater class felony, within 10 years, excluding time spent in custody, and such charges are *separately brought and ʾried and arise out of different series* of acts." (Emphasis added.) (Ill. Rev. Stat. 1979, ch. 38, par. 1005—5—3.2(b)(1).)

Defendant argues that using his previous 1976 felony conviction for robbery to charge him with the unlawful use of weapons under section 24—1(b) of the Criminal Code, which thus enhances the offense from a misdemeanor to a felony, and again using the same prior felony to impose an extended-term sentence under section 5—5—3.2(b) of the Unified

Code of Corrections, constitutes double enhancement, prohibited by the decision of *People v. Hobbs* (1981), 86 Ill. 2d 242, 427 N.E.2d 558.

Again, the State argues that defendant has waived this issue, though should the issue not be deemed waived, they concede error in imposing the extended-term sentence.

■■ Though defendant did not argue at the sentencing hearing that an extended-term sentence was improper, we take notice of the substantial error that occurred in sentencing defendant to an extended term. Supreme Court Rule 615(a) (73 Ill. 2d R. 615(a)) permits this court to take notice of errors or defects affecting substantial rights although they were not brought to the attention of the trial court. The sentence imposed by the court in excess of its statutory authority thus resulted in a sentence of 3 years greater than the possible maximum sentence of 5 years for a Class 3 felony (Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—1(a)(6)) and as such deprives the defendant of a substantial liberty interest. We therefore reject the argument that defendant has waived consideration of this issue. *People v. Nodal* (1980), 89 Ill. App. 3d 538, 411 N.E.2d 1087; *People v. Thorns* (1978), 62 Ill. App. 3d 1028, 379 N.E.2d 641; *People v. Hayes* (1977), 54 Ill. App. 3d 617, 370 N.E.2d 68.

In *Hobbs*, defendant was convicted of theft under $150 with a prior theft conviction, a Class 4 felony (Ill. Rev. Stat. 1979, ch. 38, par. 16A—10(2)) and was given an extended-term sentence under section 5—5—3.2(b) of the Unified Code of Corrections. Defendant argued that using the prior theft conviction to elevate the misdemeanor to a felony and then using the same prior theft conviction to impose an extended-term sentence was not consistent with the legislative intent of section 5—5—3.2(b) (Ill. Rev. Stat. 1979, ch. 38, par. 1005—5—3.2(b)). The court agreed with defendant, and concluded that the prior conviction could not be used to doubly enhance the consequences of defendant's conviction of the offense, first to elevate the offense to a felony and then to impose an extended term based on the prior felony. Such a result—concluded the court—was not intended by the legislature since it was inconsistent with the section's requirements that the charges be " 'separately brought and tried and arise out of different series of acts.' " 86 Ill. 2d 242, 246, 427 N.E.2d 558, 560.

■■ In the instant case, count V of the indictment upon which defendant was convicted and sentenced to an extended term charged defendant with a violation of section 24—1(a)(4) within five years of his release from the penitentiary, following a felony conviction. Thus defendant's prior 1976 robbery conviction was used first to elevate the offense from a Class A misdemeanor to a felony and then again to impose extended term sentence. Defendant's felonious unlawful-use-of-weapons conviction did not arise out of a " 'different series of acts' " from the prior robbery

conviction, and as a result the trial court exceeded its authority in imposing the extended-term sentence. We therefore conclude, on the basis of the construction given section 5—5—3.2(b)(1)) (Ill. Rev. Stat. 1979, ch. 38, par. 1005—5—3.2(b)(1)) by *Hobbs*, that defendant's extended-term sentence was improper and should therefore be vacated. Accordingly, the sentence on count V is vacated, and the cause is remanded to the trial court for resentencing on counts IV and V.

For the reasons given, that part of the conviction and sentence for armed violence in count I is reversed and remanded for sentencing on the conviction of aggravated battery under count II, and the defendant's sentence on count V is vacated and the cause is remanded for resentencing on counts IV and V. The conviction under counts II and IV are affirmed.

Affirmed in part; reversed in part and remanded with directions.

GREEN, P. J., and TRAPP, J., concur.