THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MARSHALL HILL, Defendant-Appellant.

First District (2nd Division)   No. 1—86—2186

Opinion filed October 10, 1989.

Randolph N. Stone, Public Defender, of Chicago (Dennis E. Urban, Assistant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Inge Fryklund, Gael O'Brien, and Paul Gliatta, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE BILANDIC delivered the opinion of the court:

Following a jury trial, defendant, Marshall Hill, was convicted of attempted murder. After a hearing on defendant's post-trial motion, the trial court vacated the judgment of guilty of attempted murder and entered a judgment of guilty of aggravated assault. Defendant was placed on probation for one year.

Neither party objected to the judgment of guilty of aggravated assault. Defendant did not file any post-trial motions dealing with the aggravated assault conviction but did file a timely notice of appeal.

The initial record on appeal did not include an indictment charging the defendant with any crime. A supplemental record included an indictment charging defendant with attempted murder and other crimes. However, it did not charge the defendant with the crime of aggravated assault. The record and supplemental record were prepared and filed by the defendant.

A defendant is brought before the court on a criminal charge by complaint, information, or indictment. (Ill. Rev. Stat. 1987, ch. 38, par. 111—2.) In the case at bar, prosecution of defendant was initiated by a grand jury's return of a bill of indictment. (Ill. Rev. Stat. 1987, ch. 38, par. 112—4(b).) It was the State that formulated the charges and presented evidence to the grand jury on the offenses it desired the bill of indictment to contain. Ill. Rev. Stat. 1987, ch. 38, par. 112—4(a).

If an indictment, information or complaint existed which charged the defendant with aggravated assault and the defendant chose not to·

include it in the record on appeal, the State could have produced the charging document by way of an additional supplement to the record pursuant to Supreme Court Rule 329 (107 Ill. 2d R. 329).

The report of proceedings reveals that no reference was made to aggravated assault in the opening statements, evidence, final arguments, or instructions to the jury. It is undisputed that aggravated assault is not a lesser included offense of attempted murder.

The issue presented is whether a defendant can be convicted of a crime with which he is not charged and for which he was not tried.

I

■■ It is fundamental to our notion of fairness and justice that a defendant must be charged and tried for a crime in order to properly be convicted for such crime. In *Cole v. Arkansas* (1948), 333 U.S. 196, 92 L. Ed. 644, 68 S. Ct. 514, the United States Supreme Court held:

> "No principle of procedural due process is more clearly established than that notice of the specific charge, and a chance to be heard in a trial of the issues raised by that charge, if desired, are among the constitutional rights of every accused in a criminal proceeding in all courts, state or federal. *** It is as much a violation of due process to send an accused to prison following conviction of a charge on which he was never tried as it would be to convict him upon a charge that was never made. [Citation.]" (333 U.S. at 201, 92 L. Ed. at 647, 68 S. Ct. at 517.)

(See *People v. Goodman* (1973), 12 Ill. App. 3d 400, 298 N.E.2d 1.) This principle is as clearly established today as it was in 1948. To now convict the defendant of an offense with which he was never charged would be a fundamental violation of procedural due process. Because we find that defendant was never charged or tried with the offense of aggravated assault, his conviction must be reversed.

II

■■ Because procedural due process is so fundamental to our notion of justice, the State's contention that defendant waived this issue on appeal is equally without merit. In *People v. Gresham* (1982), 104 Ill. App. 3d 81, 432 N.E.2d 654, *appeal denied* (1983), 93 Ill. 2d 545, defendant was convicted by a jury of armed violence, aggravated battery, and two counts of unlawful use of weapons. On appeal, he argued that the crime of armed violence may not be predicated upon the felony offense of aggravated battery with the use of a deadly weapon and, thus, the indictment did not state an offense. The court

agreed and reversed defendant's conviction of armed violence, rejecting the State's contention that defendant waived this issue by not raising it below and failing to raise it in the post-trial motion:

> "An indictment which does not charge an offense is subject to dismissal at any time and is not waived by failure to object at trial. [Citations.] *** We thus conclude that the failure of the indictment to state an offense may be attacked in this court and is not waived by the defendant's failure to raise this issue in his post-trial motion." (104 Ill. App. 3d at 85.)

Similarly, the defendant in the case at bar did not file a post-trial motion dealing with his conviction of aggravated assault. Although the trial court was never informed of the alleged error due to failure on the part of the State to charge the defendant with aggravated assault, this issue may be raised for the first time on appeal. (*People v. Enoch* (1988), 122 Ill. 2d 176, 522 N.E.2d 1124, *cert. denied* (1988), 488 U.S. 917, 102 L. Ed. 2d 263, 109 S. Ct. 274.) Therefore, this court does not agree with the State's contention that the defendant waived this issue by failing to raise it at the trial court level.

### III

Finally, we note that it would be preferable if counsel for both parties called the court's attention to the fact that it was about to enter an apparently erroneous judgment. Error could have been avoided and judicial resources conserved.

Accordingly, the judgment of the circuit court of Cook County is reversed.

Reversed.

SCARIANO and DiVITO, JJ., concur.