THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RONALD CROSBY, Defendant-Appellant.

First District (6th Division) No. 1—88—1067

Opinion filed September 28, 1990.

Randolph N. Stone, Public Defender, of Chicago (Stephanie L. Ellbogen, Assistant Public Defender, of counsel), for appellant.

Cecil A. Partee, State's Attorney, of Chicago (Renee Goldfarb, Kenneth T. McCurry, and Daniel G. Galivan, Assistant State's Attorney, of counsel), for the People.

PRESIDING JUSTICE LaPORTA delivered the opinion of the court:

Following a bench trial defendant was convicted of the charge of unlawful use of a weapon by a felon and sentenced to an extended term of eight years' incarceration in the Illinois Department of Corrections.

The sole issue raised by defendant for our review is whether defendant's sentence must be vacated and the cause remanded for resentencing where the trial court considered defendant's prior convictions to enhance the unlawful use of weapons charge from a misdemeanor to a felony and to sentence him to an extended term.

At trial Chicago police officer Thomas Ward testified that on December 30, 1987, he and his partner David Betz were assigned to the public housing unit at Cabrini Green and were in uniform. Shortly after 7 p.m. on that date, the officers were conducting a "building check" at 1119 South Cleveland Avenue in Chicago, Illinois. While Ward was on the fifth floor, he heard two gunshots which sounded as if they came from the building's lobby area.

Ward ran down the stairs with gun drawn. As he reached the second floor, he heard voices from the lobby and another shot. He testified that as he entered the lobby area, he saw defendant, who was reloading the small automatic pistol in his hand. Ward ordered defendant to drop the gun, which he did. Ward recovered the gun, removed one unexpended bullet, recovered three live bullets from the floor where defendant stood and four expended shell casings about 15 feet away. Ward scratched his identification mark on the gun.

On cross-examination, Ward testified that two black males who were with defendant in the lobby ran off as the officers approached. He testified he did not know if the gun was test fired after it was in-

ventoried at the police station. Ward stated that when defendant surrendered the gun he said it was a cap gun.

Defendant testified that on December 30, at about 7:30 p.m., he was arrested by Chicago police officers in the first-floor lobby at 1119 North Cleveland, one of the buildings in the Cabrini Green Chicago Housing Authority complex. He testified that prior to his arrest he and his girlfriend, Rhonda Robinson, had gone to the building lobby to wait for his sister, who was on her way home from work. Defendant stated that when they got to the lobby there were some men there who were strangers to him. Two of the men began hitting him with sticks or bats, and he was defending himself by hitting them with his flashlight while his girlfriend ran upstairs to get his mother. He testified that when Officer Ward came into the lobby, the other men ran. He and Officer Ward struggled and he was arrested. He testified that he carried a flashlight but had no gun and that there were no lights on in the lobby. He denied hearing a gunshot.

Rhonda Robinson testified for the defense. She stated that when she and defendant got to the lobby, she saw four men standing there, that two men grabbed the defendant and she ran back to his mother's apartment. Within 10 minutes she, defendant's mother and two sisters got back down to the lobby, where the police were holding the defendant and were asking him what he was doing in the building. There were seven or eight policemen there. The police searched defendant. The lobby lights were out. One of defendant's sisters had a flashlight. A police officer asked to use it and found a gun in the hallway. She testified she had heard two or three gunshots before she and defendant went down to the lobby. She testified she would not be able to identify the men who fought with defendant in the lobby.

On rebuttal the State called police officer Daniel Lukensmeyer, who testified that on December 30 between 7 and 7:30 p.m., he was in uniform and on duty patrolling the playground area between 1117 and 1119 N. Cleveland in a patrol car. He heard two shots come from the lobby area of the 1119 building. He testified he looked in the direction of the shots and saw defendant fire another shot. He stated he was about 150 feet from the outside of that building when he saw defendant. Lukensmeyer testified that he radioed in shots fired, drove his vehicle to the building, heard screaming and saw Officer Ward and his partner struggling with defendant. The lobby was lighted by three ceiling lights. Other people came down to the lobby while the officers were arresting defendant. Other officers arrived in response to the call for help.

Defense counsel stipulated that defendant was a felon, but con-

tended the State had failed to prove defendant had a weapon when arrested. Following closing arguments, the courted stated it found the testimony of the police officers credible. The court found the defendant guilty of the charge of unlawful use of a weapon by a felon. The defense motion for a new trial was denied.

At sentencing, the court entered judgment on the guilty finding and sentenced defendant to an extended term of eight years' incarceration under the Unified Code of Corrections, section 5—5—3.2(b)(1) (Ill. Rev. Stat. 1987, ch. 38, par. 1005—5—3.2(b)(1)).

■■ ■ The issue on appeal is whether it was proper for the trial court, based on defendant's prior convictions, to enhance the unlawful use of a weapon charge from a misdemeanor to a felony and then to sentence him to an extended term based on those prior convictions. Defendant contends that the extended-term sentence must be vacated and the cause remanded for a new sentencing hearing, arguing that the trial court erred in considering his prior convictions in aggravation to impose an extended-term sentence.

The information by which the defendant was charged under section 24—1.1 recites that defendant "knowingly possessed on or about his person, a semi-automatic handgun, after having been convicted of the felony offenses of robbery, armed robbery and burglary." See Ill. Rev. Stat. 1985, ch. 38, par. 24—1.1.

We note that while the information cites to the 1985 statute and the incident here occurred on December 30, 1987, and the statute as it existed in 1987 applies, a comparison of the language of the 1985 statute under which defendant was charged is identical to the 1987 statutory language. For this reason, our discussion here cites the 1987 statute.

At the commencement of trial the court granted the State's motion to amend the information to strike "burglary," leaving robbery as the underlying prior conviction(s). Defense counsel did not oppose the motion.

At the conclusion of the State's evidence and prior to testimony in the defense case, counsel for defendant stipulated with the State that defendant was convicted of robbery on February 7, 1978, and sentenced to one to three years; on February 4, 1977, he pled guilty to armed robbery and was sentenced to four years to four years and a day; on January 7, 1981, he pled guilty to robbery and was sentenced to four years. Counsel for the State added "Judge, one conviction would be sufficient." The court noted the stipulation and the State rested.

Defendant is charged with violation of section 24—1.1 of the

Criminal Code of 1961, which provides in part:

"(a) It is unlawful for a person to knowingly possess on or about his person or on his land or his own abode or fixed place of business any weapon prohibited under Section 24—1 of this Act or any firearm or any firearm ammunition if the person has been convicted of a felony under the laws of this State or any other jurisdiction. ***

\* \* \*

(d) Sentence. Violation of this Section by a person not confined in a penal institution shall be a Class 3 felony." (Ill. Rev. Stat. 1987, ch. 38, par. 24—1.1.)

The Unified Code of Corrections, at section 5—8—1(a)(6), states:

"[F]or a Class 3 felony, the sentence shall not be less than 2 years and not more than 5 years." Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—1(a)(6).

The Unified Code of Corrections further provides for an extended term as follows:

"A judge shall not sentence an offender to a term of imprisonment in excess of the maximum sentence authorized by Section 5—8—1 for the class of the most serious offense of which the offender was convicted unless the factors in aggravation set forth in paragraph (b) of Section 5—5—3.2 were found to be present. Where the judge finds that such factors were present, he may sentence an offender to the following:

\* \* \*

(5) for a Class 3 felony, a term shall not be less than 5 years and not more than 10 years." Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—2(a)(5).

Section 5—5—3.2, in setting out the factors in aggravation which permit the imposition of an extended-term sentence, provides:

"(b) the following factors may be considered by the court as reasons to impose an extended term sentence under Section 5—8—2 upon any offender who was at least 17 years old on the date the crime was committed:

(1) When a defendant is convicted of any felony, after having been previously convicted in Illinois of the same or greater class felony, within 10 years, excluding time spent in custody, and such charges are separately brought and tried and arise out of different series of acts." Ill. Rev. Stat. 1987, ch. 38, par. 1005—5—3.2(b)(1).

In his argument in favor of vacating the extended-term sentence and his request for a resentencing hearing, defendant contends that

the prior convictions enhanced the charge against him from a misdemeanor to a Class 3 felony. He argues that since the prior convictions are a factor inherent in the Class 3 felony of which he is convicted, the trial court erred in its reliance on those same convictions as an aggravating factor which justified the imposition of an enhanced sentence. Defendant cites *People v. Hobbs* (1981), 86 Ill. 2d 242, 246, 427 N.E.2d 558, in which the supreme court held that it was impermissible double enhancement for the trial court to consider a prior theft conviction to enhance the offense from a misdemeanor to a felony and to consider the same prior theft conviction as an aggravating factor to impose an extended-term sentence. The *Hobbs* court remanded the case for resentencing. Here the defendant argues double enhancement which violates statutory sentencing standards.

Similarly, defendant argues, the appellate court has held that the trial court committed error when a felony conviction for robbery used to enhance the pending unlawful use of a weapon charge from misdemeanor to felony was also the conviction considered by the court to impose an enhanced sentence. *People v. Gresham* (1982), 104 Ill. App. 3d 81, 88-89, 432 N.E.2d 654.

The State contends, however, that at the sentencing hearing, in response to defendant's double enhancement argument, the assistant State's Attorney argued to the court that the defense was incorrect in its assertion that the charge against defendant relied on all prior convictions of defendant since only one conviction was necessary to elevate the crime from misdemeanor to felony and there were numerous other convictions on which the court could rely to enhance the penalty to an extended term.

At the sentencing hearing, the State argued that in 1974 defendant was convicted of battery and received two years' probation. In 1977 he was convicted of robbery and sentenced to one to three years' incarceration. In February 1977, he was convicted of armed robbery and sentenced to four years' incarceration. He was paroled in 1979, violated parole and returned to Pontiac, and later released in April 1980. In January 1981, defendant was convicted of robbery and sentenced to four years, and in June 1983, he was convicted of robbery and sentenced to four years' incarceration. Of these, the 1974 and 1983 convictions were not included in the stipulation at the close of State's case in chief.

At sentencing the court addressed the following remarks to the defendant:

"You in the past have indicated your ability not to comply with the law. You on this occasion had a weapon. I don't own a

gun, you have no business with a weapon since you have the prior convictions. Under all the attendant circumstances, I would sentence you to an extended term. I would hereby sentence you to a term of eight years in the Illinois Department of Corrections. I would enter judgment on the finding and on the sentence."

The State argues here that the *Hobbs* and *Gresham* cases are distinguishable from the case before us because in each of those cited cases the crime was enhanced by the same prior conviction as was considered in aggravation to impose an enhanced sentence. The State cites *People v. Clodfelder* (1988), 172 Ill. App. 3d 1030, 1036, 527 N.E.2d 632, where the defendant's crime was enhanced to a Class 3 felony and he was sentenced to an extended term, both enhancements based on prior convictions. There the defendant urged the reviewing court to find error, contending the court considered a prior conviction to both enhance the offense to a more serious crime and to justify the imposition of a extended term sentence. The reviewing court found this argument to be without merit, commenting that the defendant had numerous prior convictions but only one of those convictions was necessary to constitute an element of the felony of which he was convicted. *Clodfelder*, 172 Ill. App. 3d at 1036.

The *Clodfelder* court further adds, "[T]he record does not indicate that felony conviction had any substantial basis [in] the determination to impose a seven-year sentence upon [defendant]." (*Clodfelder*, 172 Ill. App. 3d at 1036.) However, the facts recited in the opinion were that the defendant's vehicle was stopped for a license plate violation, that a rifle was found directly behind the driver's seat, that defendant was operating the vehicle and that defendant had numerous prior felony convictions. We can see no other possible rationale except prior convictions for the imposition of an extended-term sentence under the facts of that case. The seven-year sentence was within the 5-to 10-year enhanced sentencing range and whether this sentence does or does not indicate substantial reliance on prior felony convictions is of no consequence. The court found no error in sentencing.

Only the *Clodfelder* case concerns a conviction under section 24—1.1 for the unlawful use of a weapon by a felon (Ill. Rev. Stat. 1987, ch. 38, par. 24—1.1) and the imposition of an extended-term sentence based on a prior conviction (Ill. Rev. Stat. 1987, ch. 38, par. 1005—5—3.2(b)(1)). We note that any conviction under section 24—1.1 is a felony.

In reply defendant cites *People v. Hurd* (1989), 190 Ill. App. 3d 800, 546 N.E.2d 1096, and *People v. Spearman* (1982), 108 Ill. App.

3d 237, 438 N.E.2d 1329, as authority for his argument that where the underlying offense is enhanced to a felony because of prior conviction, but the conduct itself constitutes only a misdemeanor, then no extended-term sentence may be imposed. (*Hurd*, 190 Ill. App. 3d at 803; see also *Hobbs*, 86 Ill. 2d at 246.) Both *Hurd* and *Spearman* are retail theft cases, *Spearman* being charged with the theft of steaks valued at $14.13 and *Hurd* with unlawful possession of a hypodermic needle, value less than $150. We find a substantial distinction between the crime in those cases and the conduct of the defendant in this case.

We also find substantial factual differences in the present case when compared to *Hobbs* (86 Ill. 2d 242). The facts in the *Hobbs* case are as follows: in September 1979, defendant stole five bottles of whiskey valued under $150 and was charged with misdemeanor retail theft. His record included an April 1978 conviction for misdemeanor theft and an October 1978 conviction for felony theft. Count I of the information alleged the prior misdemeanor theft conviction, and count II of the information alleged the prior felony theft conviction. The trial court took judicial notice of both convictions, but the jury was informed only of the felony theft conviction. Defendant was convicted of the enhanced crime of felony retail theft and thereafter sentenced to an extended-term sentence of six years based on the court's consideration of the prior felony theft conviction.

The supreme court vacated the extended-term sentence and remanded for resentencing. The court held that the logical interpretation of the language of section 5—5—3.2(b) indicates an intent to severely punish a recidivist defendant convicted of separate felonies within 10 years where the latest offense consisted of conduct which itself constituted a felony. (*Hobbs*, 86 Ill. 2d at 246.) The court reasoned that since the 1979 conduct was not itself a felony, it did not appear to fit within the legislative intent of the statutory extended-term sentencing language "[w]hen a defendant is convicted of any felony, after having been previously convicted in Illinois of the same or greater class felony, within 10 years." *Hobbs*, 86 Ill. 2d at 245.

In contrast to the *Hobbs* case, where the defendant was charged with retail theft of goods valued at less than $150, and in contrast to the *Clodfelder* case, where the defendant's conviction for unlawful use of weapons was based on the fact that he had a rifle behind the driver's seat of his vehicle, here the defendant when arrested was firing a weapon in a public area of his apartment building and was a danger to other persons in the area. His prior convictions included armed robbery. Clearly the use of weapons was repeat conduct for this defendant.

The prior convictions relied on to establish that the defendant was a felon who could be charged under section 24—1.1 were a robbery conviction on February 7, 1978, an armed robbery conviction on February 4, 1977, and a robbery conviction on January 7, 1981. At the sentencing hearing the State argued two additional prior convictions in support of its argument for an extended sentence, *i.e.*, a 1974 battery conviction and a 1983 robbery conviction. The extended sentencing range was 5 to 10 years. The court sentenced defendant to an eight-year term, based on prior convictions arising out of different acts than the prior convictions alleged and proved to establish defendant as a felon under section 24—1.1. We find no error in sentencing nor do we find any impermissible double enhancement on the record before us.

For all of the foregoing reasons, we affirm the judgment and sentence of the trial court.

Affirmed.

EGAN and RAKOWSKI, JJ., concur.