THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JAMES LEE CLODFELDER, Defendant-Appellant.

Fourth District   No. 4—87—0864

Opinion filed August 4, 1988.

Daniel D. Yuhas and Allen H. Andrews, both of State Appellate Defender's Office, of Springfield, for appellant.

Nancy Owen, State's Attorney, of Charleston (Kenneth R. Boyle, Robert J. Biderman, and Denise M. Ambrose, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE GREEN delivered the opinion of the court:

On May 29, 1987, defendant James Lee Clodfelder was charged in the circuit court of Coles County with the offense of unlawful use of a weapon by a felon. (Ill. Rev. Stat. 1985, ch. 38, par. 24—1.1.) After a trial by jury, a conviction was entered on October 20, 1987. On November 30, 1987, the court sentenced defendant to a term of seven years' imprisonment. He has appealed contending: (1) the proof did not support the conviction; (2) the court erred in denying a motion to suppress a gun seized by police; (3) he was denied his right to effective assistance of counsel; and (4) his sentence resulted from impermissible double enhancement. We affirm.

■ We consider first the question of the sufficiency of the proof of

guilt. Section 24—1.1 of the Criminal Code of 1961 under which defendant was charged contains the following provisions relevant to this case:

> "It is unlawful for a person to knowingly *possess on or about his person* or on his land or in his own abode or fixed place of business any weapon prohibited under Section 24—1 of this Act or any firearm or any firearm ammunition if the person has been convicted of a felony under the laws of this State or any other jurisdiction." (Emphasis added.) Ill. Rev. Stat. 1985, ch. 38, par. 24—1.1(a).

The evidence at trial upon which the conviction was based was mostly undisputed and described the following occurrence. On May 22, 1987, Coles County Deputy Sheriff William Powell stopped a station wagon driven by defendant because it had no number plates. A subsequent search by Powell and two other deputies called to the scene produced a .22 caliber rifle. The vehicle contained a front seat, a backseat and a cargo area, which was three or four feet behind the front seat. The rifle was directly behind the portion of the backseat on the driver's side. One of the deputies testified that in order for defendant to have reached the rifle while in the driver's seat he would have had to rise from his seat and turn. Defendant admitted ownership of the vehicle and the rifle and knowledge of where the rifle had been placed in the vehicle. The undisputed evidence showed defendant to be a felon subject to the restrictions of section 24—1.1(a).

The question of the sufficiency of the evidence turns upon the question of whether, despite the distance of the .22 caliber rifle from defendant, as he sat in the driver's seat, defendant possessed the gun "on or about his person." In contending the rifle was too attenuated from defendant for him to have possessed it in that manner, defendant relies on *People v. Liss* (1950), 406 Ill. 419, 94 N.E.2d 320. There, charges were brought under a statutory provision which stated "[n]o person shall carry *concealed* on *or about his person* a pistol, revolver or other firearm." (Emphasis added.) (Ill. Rev. Stat. 1949, ch. 38, par. 155.) In *Liss*, a German Luger automatic pistol had been found by officers under the front seat of a vehicle driven by that defendant. The gun was about halfway between the place where the driver, the defendant, sat and where a passenger sat in the front seat. Both the defendant and the passenger denied ownership or knowledge of the existence of the gun. That testimony was not refuted nor was the testimony of the defendant that he had borrowed the vehicle. The supreme court reversed that defendant's conviction.

The *Liss* opinion stated that to show a violation of that statute,

proof must be made of "concealment of the weapon, and it must be on or about the person; and it must be so placed that it may be used without appreciable change in the position of the owner." (*Liss*, 406 Ill. at 424, 94 N.E.2d at 322.) The court noted that the defendant there could not-have reached the gun without change in position and that no proof was made that he owned the vehicle or knew of the existence of the gun.

The State relies on the more recent decision of the Appellate Court for the First District in *People v. Rangel* (1987), 163 Ill. App. 3d 730, 516 N.E.2d 936. There, a defendant was convicted of the instant offense, a violation of section 24—2.1. The gun was found by officers on the floor of the front seat on the driver's side of a vehicle owned and most recently driven by that defendant. The conviction was upheld on review. The court explained that possession necessary to support a section 24—1.1 conviction can be constructive (*People v. Nunez* (1974), 24 Ill. App. 3d 163, 320 N.E.2d 462) if the accused has knowledge of the presence of the firearm and "immediate and exclusive control over the area where it was found. (*People v. Williams* (1981), 98 Ill. App. 3d 844, 424 N.E.2d 1234.)" *Rangel*, 163 Ill. App. 3d at 739, 516 N.E.2d at 942.

The thrust of defendant's argument that the proof was insufficient is that the gun here was farther from where the defendant sat in his vehicle than was the case in either *Liss* or *Rangel* and the obvious fact that defendant would have had to shift position to get hold of the gun. The statute in *Liss* required that one guilty of the offense "*carry* [the weapon] *concealed on or about his person.*" (Emphasis added.) (Ill. Rev. Stat. 1949, ch. 38, par. 155.) Here, the accused need only "knowingly *possess* [the weapon] *on or about his person.*" (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 38, par. 24—1.1(a).) The common language of the two statutes is the words "on or about his person." However, we do not interpret *Liss* to preclude a gun being "on or about [the] person" of an accused if he cannot reach it without changing position. Notably, the *Liss* opinion said that proof of the statutory offense involved there required (1) concealment, (2) position "on or about" the person accused, and (3) accessibility of the accused to the weapon. Thus, the opinion would indicate the requirement of accessibility was a separate element from the requirement the weapon be "on or about" the accused. The *Liss* court stated that the gun could not be reached by the accused without change of position but did not say the proof failed to show that defendant possessed the gun "on or about" his person.

The *Liss* court gave significance to the lack of evidence of that defendant's (1) knowledge of the existence of the gun, or (2) control of

the area where the gun was placed. Thus, possible constructive possession was not possible there. Here, defendant was the owner with exclusive possession of the vehicle and the owner of the gun. He knew where it was placed. We hold the evidence to be sufficient to support a determination he constructively possessed the gun "about his person." The jury could have reasonably found defendant's guilt to have been proved beyond a reasonable doubt. *People v. Collins* (1985), 106 Ill. 2d 237, 478 N.E.2d 267.

■ We turn next to defendant's assertion the court erred in denying his motion to suppress the seizure of the weapon and other evidence gained in the search of his station wagon. The only evidence presented in support of the motion was defendant's testimony. He stated: (1) he was driving north of Route 45 near Mattoon when he was stopped by Powell, who asked for and received his driver's license; (2) a license-applied-for sticker issued by the State of Colorado was on his back window and Powell looked at the sticker; (3) Powell took defendant's driver's license to his squad car, made a radio check, and found warrants had been issued for defendant's arrest; (4) Powell held defendant at the scene until other officers arrived, whereupon the station wagon was searched; and (5) a .22 caliber rifle was found at the place previously described in the summary of the evidence at trial. Defendant had the burden of making a *prima facie* showing of the illegality of the search. (*People v. Berg* (1977), 67 Ill. 2d 65, 364 N.E.2d 880; Ill. Rev. Stat. 1985, ch. 38, par. 114—12(b).) The circuit court concluded defendant had failed to do so and denied the suppression motion.

Defendant does not dispute that Powell's original stop of defendant's vehicle was permissible under the precedent of *Terry v. Ohio* (1968), 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868. Neither does he seriously dispute the justification for the officers to search his vehicle after they became aware of the existence of warrants for his arrest. The action of Powell in taking defendant's driver's license and requiring defendant to remain on the scene while the radio license check was taking place is at the heart of defendant's theory that Powell should have discharged him before making the radio check where Powell gained the information that warrants had been issued for defendant's arrest.

The precise issue here is one upon which there is very little Illinois precedent. Implied in the defendant's testimony at the hearing on the motion to suppress that he had a license-applied-for sticker on his back window, fully shown at trial, is the fact that defendant had no license plates on the station wagon. The State does not dispute that had

Powell been aware of the existence of the apparently in order license-applied-for sticker before stopping defendant, the initial stop would not have been permissible under *Terry*. (See *Delaware v. Prouse* (1979), 440 U.S. 648, 59 L. Ed. 2d 660, 99 S. Ct. 1391.) On the other hand, where, as here, a valid *Terry* stop has been made, retention by the officer of the person stopped long enough to make a warrant check has usually been permissible. *People v. Ellis* (1983), 113 Ill. App. 3d 314, 446 N.E.2d 1282; see also *People v. Cart* (1981), 102 Ill. App. 3d 173, 429 N.E.2d 553.

This case differs from *Ellis* and those concerning most *Terry* stops because there a person was stopped under circumstances where there is an attributable suspicion the person stopped is likely to be about to commit or has committed a fairly serious crime and those suspicions are not easily dispelled. Here, the possible offense which defendant was likely to have committed was minor and any suspicion was certainly diminished when the officer observed that the defendant had a license-applied-for sticker on his car.

In *Ellis*, this court relied on Professor Wayne R. LaFave's then current thesis on search and seizure. (3 W. LaFave, Search & Seizure §9.2, at 36-37 (1978).) The most current edition of that work cites *Ellis* in support of the rule that upon a *Terry* stop, the officer may hold the detainee for a very short period to confirm identification or to find out if the detainee is wanted by law enforcement agencies. (3 W. LaFave, Search & Seizure §9.2(f), at 378 (2d ed. 1987).) Professor LaFave also makes reference to *Biggers v. State* (1982), 162 Ga. App. 163, 290 S.E.2d 159, where an officer made a *(Terry)* detention of persons in a vehicle parked in a church parking lot. The reviewing court held the officer properly detained those persons while a computer check was made for outstanding warrants. The fact that the vehicle had out-of-State license plates was deemed significant.

The current treatise by Professor LaFave also states that ordinarily, but not always, when a vehicle is stopped by an officer for a possible traffic violation, the detention should not continue for a warrant check "absent reasonable suspicion that such charges exist." (3 W. LaFave, Search & Seizure §9.2(f), at 384-85 (2d ed. 1987).) However, the case of *State v. Hewey* (1983), 144 Vt. 10, 471 A.2d 236, is cited as an exception. There, a vehicle stopped by officers had in-State license plates but an out-of-State inspection sticker, thus showing a violation. A speedy warrant search was held to be permissible. The court reasoned that once a valid stop had been made, the slight additional intrusion for the speedy warrant search was permissible.

Here, the stop concerned a possible minor traffic violation of driv-

ing without valid registration plates. The stop was admittedly permissible. The license-applied-for sticker, although apparently in proper form, was from another State, as in *Biggers*. Thus, some justifiable suspicion remained even though that suspicion would not have justified a stop. The detention for a warrant check obviously took only a few minutes. We deem the slight additional intrusion to have been justified. The circuit court properly denied the motion to suppress.

▆▆ Defendant's contention he was denied effective assistance of counsel is based on his assertion that defense counsel should have called the arresting officer to testify at the suppression hearing. Under the decisions in *Strickland v. Washington* (1984), 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052, and *People v. Ashford* (1988), 121 Ill. 2d 55, 520 N.E.2d 332, in order for a defendant in a criminal case to sustain such a charge, that defendant must show: (1) the counsel's performance fell below an objective standard of reasonableness; and (2) a reasonable probability exists that the results of the proceeding would have been different but for counsel's error. Ordinarily, the decision to call or not to call a witness is a discretionary matter of trial strategy for defense counsel. (*People v. Spicer* (1987), 163 Ill. App. 3d 81, 516 N.E.2d 491.) The question of whether the motion to suppress should have been allowed was close but no showing has been made that the arresting officer would have given testimony which would have helped defendant. That officer alluded to the stop and the warrant check at the trial on the merits and his testimony on that subject conformed almost exactly to that of defendant at his hearing on the motion to strike. Defendant has made no showing he was deprived of his right to effective assistance of counsel.

▆ Finally, defendant asserts the sentencing judge used a prior felony conviction to both raise his offense of unlawful use of a weapon to a felony and also to aggravate his punishment for the offense which was enhanced to a felony. The record showed defendant had numerous felony convictions, only one of which was necessary to constitute an element of the felony of which he was convicted. The record does not indicate that felony conviction had any substantial basis is the determination to impose a seven-year sentence upon him. (See *People v. Govan* (1988), 169 Ill. App. 3d 329.) No error occurred in sentencing.

We affirm for the reasons stated.

Affirmed.

LUND and KNECHT, JJ., concur.