THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DAVID WOODWORTH, Defendant-Appellant.

Fifth District   No. 5—87—0820

Opinion filed August 15, 1989.

Daniel M. Kirwan and Larry R. Wells, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

H. Wesley Wilkins, State's Attorney, of Jonesboro (Kenneth R. Boyle, Stephen E. Norris, and Raymond F. Buckley, Jr., all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE RARICK delivered the opinion of the court:

Defendant, David Woodworth, appeals from the denial by the circuit court of Union County of his motion to withdraw his guilty plea. We affirm.

In January of 1987, defendant was charged by information with a weapons offense. The information alleged defendant, who had previously been imprisoned for a felony, knowingly possessed a .22 caliber revolver. The caption alleged the charge was a Class 3 felony, "unlawful use of a firearm by a felon," while the body of the charge, according to defendant's current viewpoint, alleged a misdemeanor version of the offense.

The testimony from defendant's preliminary hearing revealed that the police officer who arrested defendant stopped defendant because he was driving erratically. Once defendant stumbled out of his car, the officer noticed the butt of a handgun sticking out from under the driver's seat. Defendant later admitted to the police he knew his possession of a firearm was illegal.

In April, defendant pleaded guilty to the felony weapons charge. At the outset of the hearing the trial court asked: "What is this matter coming on today for, gentlemen?" Defense counsel replied: "A plea, Your Honor. Mr. Woodworth will plead guilty to unlawful use of weapon by a felon." The trial court then stated: "That is a class three felony and provides for a determinative sentence of not less than two nor more than five years." Defense counsel responded the court was correct. The trial court subsequently accepted defendant's plea and set the matter for sentencing. At defendant's sentencing hearing, however, defense counsel alerted the trial court an error had been made and urged sentencing for the misdemeanor offense as charged in the body of the information. The trial court ultimately held that because defendant believed he was pleading guilty to a Class 3 felony, he would be sentenced accordingly. Defendant was sentenced to a two-year term of probation with home confinement. Defendant's mo-

tion to withdraw his guilty plea, as being not knowingly, intelligently and voluntarily given, was denied.

Defendant argues on appeal the trial court erred in sentencing him for a Class 3 felony when in fact the charge was in the language of and cited to the misdemeanor offense. Defendant contends because the body of the charging instrument controls (see *People v. Sirinsky* (1970), 47 Ill. 2d 183, 187, 265 N.E.2d 505, 507), he only had notice of the misdemeanor offense. He therefore only could plead guilty to the misdemeanor offense even though he believed he was pleading guilty to the felony offense. We disagree.

■ Prior to January 1, 1988, the date for repeal of section 24—3.1(a)(3) of the Criminal Code of 1961 (Ill. Rev. Stat. 1985, ch. 38, par. 24—3.1(a)(3)) (the misdemeanor offense), the act of a convicted felon's possession of a firearm could be prosecuted as either a felony under the unlawful use or possession of weapons by felons statute (Ill. Rev. Stat. 1987, ch. 38, par. 24—1.1(a)) or a misdemeanor under the unlawful possession of firearms and firearm ammunition statute (Ill. Rev. Stat. 1985, ch. 38, par. 24—3.1(a)(3)). Both offenses consisted of the same two elements: possession of a firearm and the possessor being a convicted felon. It was up to the prosecutor in the exercise of his discretion to choose which offense to charge. (See *People v. McCollough* (1974), 57 Ill. 2d 440, 444-45, 313 N.E.2d 462, 465.) Defendant believes, however, the felony offense has an additional element: "on or about his person." This element, which the body of the information failed to include, requires that the felon, according to defendant, actually possess the firearm on or about his person. Here the factual basis only revealed defendant had the gun on the floor of his car. Defendant therefore argues he could not have pleaded guilty to the felony offense under any circumstance. In this context, however, "possessing on or about one's person" is no different than "having in one's possession" or simply "possessing." (See *People v. Rangel* (1987), 163 Ill. App. 3d 730, 739, 516 N.E.2d 936, 942.) The key is within one's reach. Clearly the firearm on the floor of his car under his seat was within defendant's reach. "On or about his person" is not the distinguishing element defendant wishes it to be.

A factor in support of the State's position, however, is that the body of the information did include the word "knowingly." While it may be true any possession must be knowing, the specific use of this word in the body of the information more closely tracks the language of the felony statute. Furthermore, any mistake with regard to any statutory citation would amount to merely a formal defect which the State could amend at any time. See *People v. Hampton* (1969), 105 Ill.

App. 2d 228, 230, 245 N.E.2d 47, 47.

■■ Putting aside all of the technical language arguments, the most important point here is the fact that defendant believed and understood he was pleading guilty to a felony. Everyone—defendant, defense counsel, the State, and the trial court—operated under the assumption defendant was charged with and was pleading guilty to a felony. Defendant was admonished the charge was a felony. He was advised of possible penalties in connection with the felony offense. And, he was represented by able counsel throughout, counsel who also believed defendant was charged with a felony. Defendant cannot claim he had no notice of pleading otherwise. Defendant clearly was charged with and pleaded guilty to the felony offense. *Cf. United States v. Partida-Parra* (9th Cir. 1988), 859 F.2d 629.

For the aforementioned reasons, we affirm the denial by the circuit court of Union County of defendant's motion to withdraw his guilty plea.

Affirmed.

GOLDENHERSH and HOWERTON, JJ., concur.