THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MARTIN JASTRZEMSKI, Defendant-Appellant.

First District (2nd Division)   No. 1—88—3103

Opinion filed April 17, 1990.

Randolph N. Stone, Public Defender, of Chicago (Thomas M. Donnelly, Assistant Public Defender, of counsel), for appellant.

Cecil A. Partee, State's Attorney, of Chicago (Renee Goldfarb and Jane E. Loeb, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE DiVITO delivered the opinion of the court:

Following a bench trial, defendant Martin Jastrzemski was convicted of unlawful use of a weapon by a felon (Ill. Rev. Stat. 1987, ch. 38, par. 24—1.1) and sentenced to 30 months' probation. He now appeals, raising as issues (1) whether the gun found under the hood of his car was "on or about his person," as required under the statute; and (2) whether his out-of-court statement that the car belonged to him was properly admitted at trial despite the State's failure to disclose the statement during pretrial discovery. We affirm.

On June 9, 1988, police officer Roy Hupke pulled over a car with a broken brake light. Defendant had been driving the car, and one person was seated next to him in the passenger's seat. A check of defendant's driver's license revealed that defendant was driving on a

suspended license. Hupke then arrested defendant and placed him in the back of the squad car. Hupke searched the car and found a bottle containing codeine capsules on the passenger-side floorboard of the front seat. Hupke then searched the engine compartment and found a loaded revolver wrapped in a shirt and scarf and placed between the battery and the passenger-side fender. While transporting defendant to the police station, Hupke asked defendant whether the car belonged to him, and defendant answered that it did.

At trial, it was stipulated that defendant had previously pleaded guilty to the felony offense of theft and that judgment was entered on that plea. The trial court found defendant guilty of unlawful use of a weapon by a felon and sentenced him to 30 months' probation.

## I

Defendant maintains first that because the gun was found in the engine compartment of the car it was not "on or about his person" as required under section 24—1.1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1987, ch. 38, par. 24—1.1). He relies principally on *People v. Cook* (1977), 46 Ill. App. 3d 511, 361 N.E.2d 81, for the proposition that a gun under the hood of a car is not "immediately accessible." A gun that is not "immediately accessible," defendant argues, is also not "on or about [defendant's] person."

Although we have found no cases directly on point, we reject defendant's argument generally, and his reliance on *People v. Cook*, in particular. In *People v. Cook*, a gun was found underneath the hood of the defendant's car and the defendant was subsequently convicted of unlawful use of a weapon by a felon. The appellate court reversed the conviction, reasoning that the gun was not "on or about [the defendant's] person" because it was not "immediately accessible." (*Cook*, 46 Ill. App. 3d at 513.) Because the court relied on cases construing section 24—2(b)(4) (Ill. Rev. Stat. 1987, ch. 38, par. 24—2(b)(4)), which excludes weapons "not immediately accessible" from the scope of sections 24—1(a)(4) and 24—1(a)(10) and is not at issue in this case, we decline to follow the court's rationale.

██ █ In particular, we do not believe that a weapon must be "immediately accessible" within the meaning of section 24—2(b)(4) to sustain a conviction under section 24—1.1. Instead, we believe that a weapon is "on or about [the defendant's] person" for purposes of section 24—1.1, where it was found underneath the hood of a car driven by the defendant and, as in this case, there is also evidence that defendant owned the car and knew where the gun was hidden. This conclusion is supported by *People v. Clodfelder* (1988), 172 Ill. App. 3d

1030, 527 N.E.2d 632. In that case, a rifle was found near the back of a station wagon driven by the defendant. As in this case, the defendant was convicted under section 24—1.1. The defendant admitted that he owned the station wagon and knew where the rifle had been placed. On appeal, the defendant argued that the rifle was not "on or about his person" because he would have had to lean over his seat to reach the weapon. The court disagreed, specifically rejecting any contention that a weapon is not "on or about [the defendant's] person," merely because the defendant could not reach the weapon without changing positions. (*People v. Clodfelder*, 172 Ill. App. 3d at 1033.) The court stated: "Here, defendant was *** the owner of the gun. He knew where it was placed. We hold the evidence to be sufficient to support a determination [that] he constructively possessed the gun 'about his person.'" *People v. Clodfelder*, 172 Ill. App. 3d at 1034. See also *People v. Rangel* (1987), 163 Ill. App. 3d 730, 516 N.E.2d 936 (recovery of a gun from the defendant's car rather than his person did not exclude him from the scope of section 24—1.1).

We do not believe this case is distinguishable from *People v. Clodfelder* on the ground that the gun was hidden under the hood near the front of the car. Although defendant would have had to stop the car and open the hood to get the gun, plainly the defendant in *People v. Clodfelder* would also have had to stop driving and either exit the car or climb over the seat to retrieve his rifle. Moreover, as in *People v. Clodfelder*, there was evidence that defendant owned the car and knew where the gun was hidden. Finally, the result we reach in this case is plainly consistent with the legislature's intent in enacting section 24—1.1, namely, to protect public safety by prohibiting possession of weapons by felons. See *People v. Rangel*, 163 Ill. App. 3d at 738-39.

## II

Defendant maintains next that he is entitled to a new trial because his out-of-court statement that he owned the car was admitted into evidence even though the State failed to comply with Supreme Court Rule 412(a)(ii) (107 Ill. 2d R. 412(a)(ii)). We disagree.

■ ■ Rule 412(a)(ii) requires the State, upon written motion of defense counsel, to disclose any written or recorded statements and the substance of any oral statements made by the defendant. The rule's purpose is to protect the defendant against surprise, unfairness, and inadequate preparation (*People v. Carter* (1988), 174 Ill. App. 3d 369, 529 N.E.2d 349) and to give the defense the opportunity to investigate the circumstances surrounding the statement. (*People v.*

*Winfield* (1983), 113 Ill. App. 3d 818, 836, 447 N.E.2d 1029.) Where there is no showing of surprise or prejudice, the trial court has discretion in allowing introduction of evidence not disclosed. (*People v. Ferguson* (1981), 102 Ill. App. 3d 702, 713, 429 N.E.2d 1321.) If a statement not disclosed is introduced and the defendant fails to request a continuance to investigate the statement and instead proceeds with trial, he has waived the issue for purposes of review. *People v. Ferguson*, 102 Ill. App. 3d at 713.

■ In this case, the record shows that defendant requested disclosure of oral statements and that the State at most gave defendant access to its files. At trial, the State introduced defendant's out-of-court statement that he owned the car and defendant objected to this evidence on the ground that the State failed to comply with his discovery requests. Defendant never requested a continuance to investigate the statement, however, and did not even attempt to impeach Hupke regarding the statement. Because defendant proceeded with the trial without requesting a continuance or otherwise developing the record, we conclude that he has waived this issue for purposes of review.

■ We also conclude that there is an inadequate record upon which to decide this issue under the plain error rule. (107 Ill. 2d R. 615(a).) All we can conclude from the record is that defendant's inculpatory admission might not have been disclosed, and that if defendant had seen Hupke's report, he did not find it useful for impeachment purposes. We certainly cannot conclude that defendant did not own the car and, indeed, that is not defendant's position on this appeal. Also, it is entirely unclear whether the State sufficiently complied with Rule 412 by providing defendant with Hupke's police report or other document containing the admission. Finally, although we would be less inclined to agree with the trial court that the gun was "on or about [the defendant's] person" absent proof that defendant owned the car, even if his admission had not been allowed into evidence, there was other evidence adduced at trial that defendant was in exclusive control of the car. Thus, even if we were to reach the merits of this issue, we do not believe defendant was sufficiently prejudiced to warrant a new trial.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

HARTMAN and SCARIANO, JJ., concur.