BANKS, Justice,
dissenting:
Our concealed weapons statute is directed at weapons which are readily accessible to the person charged with “carrying” them. Clark v. City of Jackson, 155 Miss. 668, 124 So. 807 (1929). Here the weapons in question were under the hood of an automobile. Clearly, they were not accessible within the meaning of our law. While we have no cases on point, other courts have made the common sense finding that a weapon under a hood is not readily accessible. People v. Cook, 46 Ill.App.3d 511, 5 Ill.Dec. 81, 361 N.E.2d 81 (1977). The majority agrees and distinguishes cases where the weapons were found in the passenger compartment of vehicles. Ante, p. 970. It follows that L.M. cannot be found delinquent based on that charge.
The majority’s conclusion that there was sufficient evidence to support a finding that L.M. was in the possession and control of the weapons does nothing for the delinquency finding. L.M. was not charged with illegal possession of firearms. Indeed, and perhaps unfortunately, it is not illegal for a minor to possess handguns or any other firearm in this state. Nor was such a charge lodged. While it is a federal offense to possess certain “sawed-off” weapons, no charge was made pursuant to that statute and no attempt was made to prove such a violation.
Part III of the majority opinion and its disposition with regard to L.M. then is wholly at odds with Part I and the law. Because our laws are inadequate to deal with the realities of modern society we must, if we are to be true to our oaths, hold that no act of delinquency was committed and reverse and render as to all charges. Because we do not, I dissent.
ROBERTSON and SULLIVAN, JJ., join this dissent.