THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ERNEST SHIELDS, Defendant-Appellant.

First District (5th Division)   No. 1—01—4276

Opinion filed March 21, 2003.

Rita A. Fry, Public Defender, of Chicago (James S. Jacobs, Assistant Public Defender, of counsel), for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb and Heather Weiss, Assistant State's Attorneys, of counsel), for the People.

JUSTICE QUINN delivered the opinion of the court:

Following a bench trial, defendant Ernest Shields was found guilty of two counts of aggravated unlawful use of a weapon and two counts of unlawful use of a weapon by a felon. Defendant was sentenced to three years' imprisonment. Defendant now appeals.

On appeal, defendant only challenges the two convictions for aggravated unlawful use of weapon, arguing that the State failed to prove his guilt beyond a reasonable doubt. Based on the reasons set forth below, we reverse the convictions for the aggravated unlawful use of a weapon. We will not disturb defendant's conviction for the unlawful use of weapon by a felon as it is not raised on appeal.

## BACKGROUND

On June 3, 2001, defendant was pulled over by the police for a traffic violation, ordered out of the car and searched by the police. The officer found a .25-caliber bullet in defendant's right pants' pocket. The police then conducted a search of the car and found another .25-caliber bullet in an open compartment on the driver's door. Defendant was arrested.

The police then conducted an inventory search of the car. Under the hood of the car, the police officer found a woman's glove next to the battery. Inside the glove, the police found a .25-caliber handgun. Defendant was charged with the said crimes.

## ANALYSIS

In this case, defendant argues that he was not guilty of the aggravated unlawful use of a weapon because the weapon was not "immediately accessible" to him. Defendant was convicted of the following offenses: (1) aggravated unlawful use of a weapon, in that defendant, as a convicted felon, knowingly carried a firearm in a vehicle and the firearm was uncased, loaded and immediately accessible at the time of the offense in violation of section 24—1.6(a)(1)(3)(A) of the Criminal Code of 1961 (Criminal Code) (720 ILCS 5/24—1.6 (a)(1)(3)(A) (West 2000)); (2) aggravated unlawful use of a weapon, in that defendant, as a convicted felon, knowingly carried or possessed on or about his person, a firearm, upon a public street in the City of Chicago and the firearm was uncased, loaded, and immediately accessible at the time of the offense in violation of Criminal Code section 24—1.6(a)(2)(3)(A) (720 ILCS 5/24—1.6(a)(2)(3)(A) (West 2000)); (3) unlawful use of a weapon by a felon, in that defendant, as a convicted felon, knowingly possessed on or about his person a handgun in violation of Criminal Code section 24—1.1(a) (720 ILCS 5/24—1.1(a) (West 2000)); and (4) unlawful use of a weapon by a felon, in that defendant, as a convicted felon, knowingly possessed on or about his person firearm ammunition in violation of Criminal Code section 24—1.1(a) (720 ILCS 5/24—1.1(a) (West 2000)).

■ Accessibility refers to the proximity of the weapon to the defendant and the capability of the defendant to reach the weapon. In other words, a weapon is "immediately accessible" if it is within "easy reach" of the defendant. *People v. Martinez*, 285 Ill. App. 3d 881, 884 (1996).

■ In this case, defendant was inside the car when he was curbed by the police. In order for defendant to reach for the gun, he would need to stop the car, release the locking mechanism inside the car, open the door, run up to the front of the car, find the latch and release

it, then reach inside the engine compartment to take the glove out. With all of these steps involved, it is difficult to conclude that the gun was "immediately accessible" to defendant. Indeed, in *People v. Cook*, 46 Ill. App. 3d 511, 513-14 (1977), this court held that a handgun which was placed under a car's hood, next to the battery, was not "immediately accessible" to the driver of the car.

The State, on appeal, argues that defendant was standing outside the car, so he was "seconds away" from the gun. This is a mischaracterization of the record. The record makes it clear that defendant was ordered to get out of the car by the police. Thus, this argument has no merit.

On appeal, the State also relies on *People v. Smith*, 71 Ill. 2d 95 (1978), to support the convictions. This reliance is misplaced. In *Smith*, the defendant was charged with unlawful use of weapon when a loaded revolver was found inside the locked glove compartment of the defendant's car. The Illinois Supreme Court upheld the conviction. *Smith*'s fact pattern is distinguishable from the present case. Consequently, we decline to follow *Smith*'s rationale.

In *People v. Jastrzemski*, 196 Ill. App. 3d 1037 (1990), a case that neither party cited to in their respective briefs, the police found a gun wrapped in a shirt underneath the car's hood. The defendant was convicted of unlawful use of weapon. The appellate court affirmed the conviction. Fully aware of the *Cook* decision, the appellate court stated that the statute that Cook was charged with violating required the finding that the weapon was "immediately accessible" in order to convict the defendant. To the contrary, the criminal statute that Jastrzemski was convicted of violating required no such finding. For this reason, the appellate court declined to follow *Cook*'s rationale. See *Jastrzemski*, 196 Ill. App. 3d at 1039.

In this case, in order to convict defendant of aggravated unlawful use of weapon, the State was required to prove that the gun was "immediately accessible" to the defendant. 720 ILCS 5/24—1.6(a)(1)(3)(A) (West 2000). Thus, even though *Jastrzemski* is factually similar to this case, we follow the rationale in *Cook*.

For the reasons stated, we conclude that the State failed to prove beyond a reasonable doubt that defendant was guilty of aggravated unlawful use of weapon. We reverse the conviction and vacate the sentence for that offense. We affirm the conviction and sentence of count VI, unlawful use of weapon by a felon, and count VII, unlawful possession of firearm ammunition by a felon. Since defendant has

already served his sentence, we will not remand this case for resentencing.

Reversed in part; affirmed in part.

CAMPBELL, P.J., and REID, J., concur.