2019 IL App (3d) 170252

Opinion filed September 18, 2019

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2019

| THE PEOPLE OF THE STATE OF | ) | Appeal from the Circuit Court |
| ILLINOIS, | ) | of the 14th Judicial Circuit, |
| | ) | Henry County, Illinois. |
| Plaintiff-Appellee, | ) | |
| | ) | Appeal No. 3-17-0252 |
| v. | ) | Circuit No. 15-CF-170 |
| | ) | |
| CHARLES P. WISE, | ) | The Honorable |
| | ) | Carol M. Pentuic, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE McDADE delivered the judgment of the court, with opinion.
Justice O'Brien concurred in the judgment and opinion.
Justice Carter dissented, with opinion.

**OPINION**

¶ 1        Defendant was charged with several offenses and, pertinent to this case, was found guilty of unlawful possession of a weapon by a felon. The trial court based its verdict on testimony that defendant was aware that the gun was in the vehicle and that, at some point, defendant was seated near the firearm. On appeal, defendant argued that the State failed to prove beyond a reasonable doubt that the firearm was "on or about his person" as required by the offense charged. We agree and vacate defendant's conviction.

¶ 2                                I. BACKGROUND

¶ 3        On June 18, 2015, defendant Charles Wise was charged with unlawful possession of a weapon by a felon under section 24-1.1(a) of the Criminal Code of 2012 (Criminal Code) (720 ILCS 5/24-1.1(a) (West 2014)) and unlawful possession of a controlled substance under section 402(c) of the Criminal Code (720 ILCS 570/402(c) (West 2014)). He was also charged with an open alcohol container violation and with a speeding violation. On June 19, 2015, Wise posted bond and was released from custody. A bench trial commenced in March 2016. The State introduced into evidence a certified copy of Wise's prior Iowa felony conviction of burglary.

¶ 4        The State also presented Illinois State Police Trooper Edwin Shamblin, who testified as follows. On June 18, 2015, he pulled over a 2005 Dodge Caravan minivan for speeding on I-74 in Henry County, Illinois. The inside of the van consisted of three rows of seats and a rear cargo area. The first row had two "bucket" seats, and the second and third rows had bench seating. At the time of the stop, Wise was in the driver's seat, Darnell Montgomery was in the passenger seat, and Jerry Horne was in the third row on the passenger side. After he smelled a "strong odor of burnt cannabis," Shamblin decided to search the vehicle and discovered two black gloves lying in the third seating row near Horne. Shamblin moved one glove and dislodged a Derringer .357 firearm, which had been inside of it. The gun was completely obscured from view before Shamblin moved the glove. Shamblin believed that the gun was located about 5 to 10 feet away from the driver's seat where Wise was sitting, and he did not think it was possible for Wise to reach the gun from the driver's seat. Shamblin arrested Wise and read him *Miranda* warnings. See *Miranda v. Arizona*, 384 U.S. 436 (1966). Shamblin further testified that Wise agreed to speak with him and told Shamblin that he knew the firearm was in the van but it was not his; it belonged to his friend Wade Burrell, who sometimes borrowed the van. Burrell purchased the gun at Gander Mountain in Cedar Rapids, Iowa, about three months earlier.

¶ 5    The State rested, and the defense presented several witnesses to testify. Burrell testified that he was the owner of the .357 Derringer firearm found inside the van on the night in question and he had legally purchased the gun at Gander Mountain for $400. He borrowed the van from Wise's brother, Johnny, on May 20, 2015, to run some errands and took the gun with him for his protection. Although he had a valid permit to purchase weapons, he did not have a concealed carry permit. Because of this, he was advised by a Gander Mountain store employee to store the gun as far away from him as possible when traveling with the gun so that it was out of reach. When he borrowed the van on May 20, he placed the gun inside one of the gloves lying in the van and laid the glove in the back seat of the van so that it would be out of reach and out of sight while he was driving. He returned the van to Johnny the same day but forgot to take the gun from the van. Burrell never retrieved the gun and forgot that he left the gun in the van. The receipt for the gun purchase was admitted into evidence.

¶ 6    Wise testified that he had taken a trip to Louisville, Kentucky, and was returning to Cedar Rapids, Iowa, when he was stopped by the police for speeding. He was driving a van he had borrowed from his brother, Johnny. Horne drove for about 10 minutes into the trip, and Wise drove the remainder of the trip. Wise stated that he did not know that the gun was in the van, and he denied telling Shamblin that he knew the gun was in the van. Wise was physically disabled, and his health issues included diabetes, high blood pressure, chronic back pain, and depression. He took multiple medications for his conditions.

¶ 7    Montgomery testified that he, Wise, and Horne were leaving Louisville and traveling to Cedar Rapids on June 18. Horne drove the first 20 miles, and thereafter, Wise drove the remainder of the trip. Montgomery testified that, when the police stopped the van, he was seated

in the passenger seat, Horne was seated in the back seat, and Wise was in the driver's seat driving the van.

¶ 8        The trial court found Wise guilty of speeding and unlawful possession of a weapon by a felon and acquitted him of the remaining charges. The basis for the guilty verdict on the gun charge was unlawful possession of a weapon by a felon. The trial court based its verdict on Shamblin's testimony that Wise knew the gun was in the van and the witnesses' testimony that Wise had sat in the back seat near the gun for 10-20 minutes at the beginning of the trip. The court did not believe Burrell's testimony that he mistakenly left the gun in the van and forgot about it for two weeks. The trial court sentenced Wise to two years imprisonment and one year of mandatory supervised release on the unlawful possession of a weapon by a felon conviction. In the court's written order, Wise received credit for one day of presentence incarceration. Wise appealed his conviction.

¶ 9                              II. ANALYSIS

¶ 10                        A. Sufficiency of the Evidence

¶ 11        Wise argues that the State failed to prove beyond a reasonable doubt that the gun was "on or about his person" as required under the unlawful possession of a weapon by a felon statute. Wise claims that Illinois courts have established that a weapon is "on or about" a person when the weapon is within arm's reach of the accused and that, in this case, the gun was not within his reach when he was pulled over in Illinois. Wise also argues that his interpretation is supported by the legislature's decision to exclude the "on or about his person" language from similar provisions that exclude general unlawful possession, actual and constructive, of firearms.

¶ 12        The State argues that the "on or about his person" language in section 24-1.1(a) is not limited to possession within the accused's reach but expands the scope of possession where the

4

accused has possession of a firearm in an area that is under his exclusive control. The State alleges that Wise's interpretation renders the "about his person" language superfluous because it essentially carries the same meaning as "on his person."

¶ 13 A criminal conviction will not be set aside unless the evidence is so improbable and unsatisfactory that it creates a reasonable doubt of the defendant's guilt. *People v. Collins*, 106 Ill. 2d 237, 261 (1985). When presented with a challenge to the sufficiency of the evidence, it is not the function of this court to retry the defendant. *Id.* The relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.* Determinations of witness credibility, the weight given to the testimony, and the reasonable inferences to be drawn from the evidence are the responsibility of the trier of fact, not the reviewing court. *People v. Pollard*, 2015 IL App (3d) 130467, ¶ 26.

¶ 14 Section 24-1.1(a) of the Criminal Code states, "It is unlawful for a person to knowingly possess on or about his person or on his land or in his own abode or fixed place of business any *** firearm *** if the person has been convicted of a felony ***." 720 ILCS 5/24-1.1(a) (West 2014).

¶ 15 The parties dispute the meaning of "on or about his person" under section 24-1.1(a). Our supreme court has not construed the meaning of this phrase under section 24-1.1(a); however, several districts of the Illinois Appellate Court have interpreted it. The court in *People v. Rangel*, 163 Ill. App. 3d 730 (1987), held that a gun found in a vehicle, rather than on the defendant's body, could constitute being "on or about his person" under section 24-1.1. In *Rangel*, the police responded to a call from a woman stating that the defendant had threatened to kill her with his gun. *Id.* at 732. As the police were searching the apartment building where the incident occurred,

one of the officers observed the defendant exiting a vehicle and walking toward the building. *Id.* at 733. The officer stopped the defendant in the building hallway and arrested him for aggravated assault. *Id.* Afterward, the officer walked over to defendant's vehicle and retrieved a loaded .22-caliber pistol lying on the floor of the driver's side of the vehicle. *Id.* Defendant was subsequently charged and convicted of unlawful use of a weapon by a felon under section 24-1.1. *Id.* at 732. On appeal, defendant argued that the State failed to prove beyond a reasonable doubt that the weapon was recovered "on or about his person." *Id.* at 738. The First District rejected this argument, holding that "the recovery of the gun from defendant's car rather than from his person, does not, in itself, exclude him from the provisions of the statute under which he was charged." *Id.* at 739. The court explained that the definitive question is whether the defendant knowingly possessed the weapon and determined that, based on the evidence, defendant was properly found guilty under section 24-1.1. *Id.*

¶ 16        In *People v. Clodfelder*, 172 Ill. App. 3d 1030, 1032 (1988), the police stopped a vehicle driven by the defendant because it did not have license plates. The police searched the vehicle and discovered a .22-caliber rifle directly behind the back seat on the driver's side. *Id.* Defendant was subsequently convicted of unlawful use of a weapon by a felon under section 24-1.1. *Id.* at 1031. On appeal, defendant argued that the State failed to prove that the gun was "on or about his person" because the gun was too remote from his body. *Id.* at 1032. The Fourth District found that defendant constructively possessed the gun "about his person" because (1) he knew where it was placed, (2) he was the owner with exclusive possession of the vehicle, and (3) he was the owner of the gun. *Id.* at 1034. The court distinguished its case from *People v. Liss*, 406 Ill. 419 (1950), in which the supreme court affirmed defendant's conviction of carrying concealed on or about his person a firearm because an element of carrying a weapon concealed on or about his

6

person was accessibility of the weapon to the accused and that this element was separate from the element that the weapon was on or about the accused. *Clodfelder*, 172 Ill. App. 3d at 1033. It also reasoned that, regardless of the accessibility element, the *Liss* court placed more weight on the lack of evidence showing the defendant's possession because he did not have knowledge of the gun's presence and he did not have control over the area where the gun was found. *Id.* at 1033-34.

¶ 17    In *People v. Woodworth*, 187 Ill. App. 3d 44, 45 (1989), the defendant was stopped for driving erratically. When the defendant exited the vehicle, the officer noticed a handgun sticking out from under the driver's seat. *Id.* Defendant was later convicted of unlawful possession of a weapon by a felon. *Id.* On appeal, defendant argued that the State failed to prove beyond a reasonable doubt that he had a gun "on or about his person" because the gun was under the driver's seat. *Id.* at 46. The Fifth District explained that " 'possessing on or about one's person' is no different than 'having in one's possession' or simply 'possessing' " and that such determination depends on whether the weapon is "within one's reach." *Id.* The court held that the location of the firearm was "[c]learly" within defendant's reach and, therefore, the State proved that the gun was "on or about his person." *Id.*

¶ 18    In *People v. Jastrzemski*, 196 Ill. App. 3d 1037, 1038 (1990), the defendant was stopped for driving with a broken brake light. The officer checked defendant's driver's license and discovered that his license was suspended. *Id.* at 1038-39. The officer placed defendant under arrest and searched his vehicle. *Id.* at 1039. During the search, he found a loaded revolver under the hood of the car. *Id.* Ultimately, defendant was convicted of unlawful use of a weapon by a felon. *Id.* The First District held that the location of the gun, along with the evidence that he owned the car and knew where the gun was hidden, was sufficient to show that the weapon was

7

on or about the defendant's person. *Id.* Analogizing its case to the court's rationale in *Clodfelder*, the First District determined that a gun need not be immediately accessible to show that a firearm was "on or about" the accused's person. *Id.* at 1039-40. It held that the location of the gun, along with the evidence that he owned the vehicle and knew where the gun was hidden, was sufficient to show that the weapon was on or about the defendant's person. *Id.* at 1040.

¶ 19     Reviewing the cases above, we decline to follow their interpretation of "on or about his person" for three reasons. First, "possession" and "on or about his person" have separate meanings. The court in *Woodworth* held that "on or about his person" equates to having in one's possession or possessing and interprets the phrase as if it is synonymous with the word "possess." This interpretation renders the phrase "on or about his person" meaningless. We are required to construe a statute so that no part of it is rendered meaningless or superfluous. *People v. Jones*, 214 Ill. 2d 187, 193 (2005). The legislature promulgated section 24-1.1(a) to state that it is unlawful for a person to knowingly "possess on or about his person *** any *** firearm if the person has been convicted of a felony." The word "possess" and the term "on or about his person" are distinctly included in the statute and should each be given its own meaning.

¶ 20     Second, the statutory language does not support a conclusion that the legislature intended for section 24-1.1 to encompass an entire vehicle. Nonetheless, the *Jastrzemski* court held that a firearm found under the hood of the defendant's vehicle, which is neither on the defendant's person nor within his reach and is not reasonably accessible to the defendant, satisfied the statutory requirement. We disagree with this interpretation of section 24-1.1(a). The rationale reads language into section 24-1.1(a) that is simply not there. The legislature specifically listed the places where a felon is culpably in possession of a firearm, including "on or about his person," "on his land," "in his abode," and in his "fixed placed of business." Notably, there is no

8

mention of a vehicle of any kind in section 24-1.1(a). If the legislature had intended to impose liability for possession anywhere "in his vehicle," it would have included that language in the statute. It did not, and we cannot rewrite a statute to add provisions or limitations the legislature did not include. *Relf v. Shatayeva*, 2013 IL 114925, ¶ 29. We, therefore, limit our focus to whether the firearm was "on or about" Wise's person rather than whether the firearm was located in the vehicle.

¶ 21         Third, "on or about his person" should be construed in the same way throughout the Criminal Code. Where a word is used in different sections of the same statute, the presumption is that the word is used with the same meaning throughout the statute, unless a contrary legislative intent is clearly expressed. *People v. Maggette*, 195 Ill. 2d 336, 349 (2001). Construing predecessor provisions of a similar section under the Criminal Code, section 24-1, the Illinois Supreme Court has defined "on or about his person" as meaning the firearm is on the person or "in such close proximity that it can be readily used as though on the person." See *Liss*, 406 Ill. at 422; *People v. Niemoth*, 322 Ill. 51, 52 (1926) (" '[a]bout his person' means sufficiently close to the person to be readily accessible for immediate use"); see also 720 ILCS 5/24-1 (West 2014). The Criminal Code does not require or even suggest that "on or about his person" under section 24-1.1 be given a different meaning from other sections under the Criminal Code. We find no reason to give the phrase a different interpretation from the one established by our supreme court.

¶ 22         Given our construction of the statute, the evidence here shows that the gun was not on or about Wise's person as required by section 24-1.1 when his vehicle was searched. Wise was driving the minivan when Trooper Shamblin stopped and searched the vehicle. During the search, Shamblin discovered a .357 Derringer hidden inside a glove. The firearm was located

9

two rows or, as Shamblin testified, about 5 or 10 feet behind the driver's seat. Shamblin also testified that he did not believe it was possible for Wise to reach over and grab the gun from the driver's seat. Thus, at the time of the stop the gun was not "on or about [the] person" of the defendant.

¶ 23 There was testimony from Montgomery that, for a very short time at the beginning of the trip from Louisville, Horne was driving and Wise was sitting in the back seat. This testimony indicates that, in the earliest stage of the drive, the firearm may have been "on or about" Wise's person. Illinois has jurisdiction over a criminal case only when the offense is committed wholly or partly within the state. 720 ILCS 5/1-5(a)(1) (West 2014). An offense is committed partly within the state when conduct that is an element of the offense occurs within the State. *Id.* § 1-5(b). Wise and Montgomery testified that Horne was driving for about 10 to 20 minutes before Wise began to drive, and the evidence appears clear that the 10 or 20 minutes Wise was in the back seat occurred in Kentucky or Indiana, not Illinois. Although a finding of inaccessibility does not prevent a finding of constructive possession, it does prevent a finding of guilt. *People v. Cook*, 46 Ill. App. 3d 511, 515 (1977).

¶ 24 For the foregoing reasons, we find that the State failed to prove Wise guilty beyond a reasonable doubt of unlawful possession of a weapon by a felon. Accordingly, we vacate his conviction. We need not address Wise's issue concerning his credit for time served, as this issue is dispositive of this appeal.

¶ 25 CONCLUSION

¶ 26 The judgment of the circuit court of Henry County is vacated.

¶ 27 Vacated.

¶ 28 JUSTICE CARTER, dissenting:

10

¶ 29        I respectfully dissent from the majority's decision in the present case. I would find that the evidence was sufficient to prove defendant guilty beyond a reasonable doubt of unlawful possession of a weapon by a felon and would, therefore, affirm defendant's conviction of that offense. In its analysis in this case, the majority goes through a litany of cases that are contrary to the conclusion that the majority eventually reaches—that the State failed to establish that defendant possessed the gun on or about his person as required for a conviction under section 24-1.1(a) of the Criminal Code. *Supra* ¶¶ 15-22. Ultimately, the majority elects not to follow those cases. *Supra* ¶ 19. I disagree with the majority's decision in that regard and believe that we should follow the cases that the majority has set forth. In my opinion, and contrary to the majority's decision, the State does not have to prove that a gun found in a vehicle is immediately or readily accessible to a defendant to obtain a conviction under section 24-1.1(a) of the Criminal Code. See *Jastrzemski*, 196 Ill. App. 3d at 1039-40 (affirming a defendant's conviction of unlawful use of a weapon by a felon where a gun was found under the hood of a car the defendant was driving); *Clodfelder*, 172 Ill. App. 3d at 1032-34 (upholding the defendant's conviction of unlawful use of a weapon by a felon where a gun was found in the rear cargo area of a station wagon that the defendant was driving). Such a conclusion is consistent with the purpose of the statute—to protect the public safety by prohibiting the possession of weapons by felons. See *Jastrzemski*, 196 Ill. App. 3d at 1040.

¶ 30        Applying a typical constructive possession analysis in this case, I would find that the State's evidence was sufficient to prove that defendant possessed the gun in question on or about his person. See *Rangel*, 163 Ill. App. 3d at 739-40 (upholding a defendant's conviction of unlawful use of a weapon by a felon where a gun was found on the driver's side floor of the vehicle the defendant had been driving); *Jastrzemski*, 196 Ill. App. 3d at 1039-40; *Clodfelder*,

11

172 Ill. App. 3d at 1032-34. The evidence showed that the gun was found inside a glove located on the third-row seat of the minivan defendant was driving and was approximately 5 to 10 feet away from the driver's seat of the van. Although defendant was allegedly not the owner of the van, he had been driving the van for some time, had control over the van, and admitted knowledge of the presence of the gun. It was for the trial court, as the trier of fact, to determine whether it believed the testimony of the alleged owner of the gun—that he had taken the gun into the vehicle with him for protection while he was running errands about a month earlier and had forgotten the gun in the vehicle. See *Pollard*, 2015 IL App (3d) 130467, ¶ 26. In this particular case, the trial court found that the alleged owner's testimony was not believable and ultimately concluded that defendant was in possession of the gun. I would affirm the trial court's ruling in that regard.

**No. 3-17-0252**

| | |
|---|---|
| **Cite as:** | *People v. Wise*, 2019 IL App (3d) 170252 |
| **Decision Under Review:** | Appeal from the Circuit Court of Henry County, No. 15-CF-170; the Hon. Carol M. Pentuic, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Peter A. Carusona, and Steven Varel, of State Appellate Defender's Office, of Ottawa, for appellant. |
| **Attorneys for Appellee:** | Matthew Schutte, State's Attorney, of Cambridge (Patrick Delfino, Thomas D. Arado, and Gary F. Gnidovec, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |